IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

Civil Action No.  06-cv-01522-ZLW-BNB

C. WILLIAM RASURE, JR.,

    Plaintiff,

v.

DOUGLAS R. SITTER,
MICHAEL E. McLACHLAN,
ARTHUR C. CHASE, JR., and
BANK OF THE SAN JUANS,

    Defendants.

---

# ORDER

---

The matter before the Court is Defendants' Motion To Dismiss For Lack Of Diversity Jurisdiction (Doc. No. 2).  The motion is set for hearing on December 6, 2006.  The Court, after reviewing the motion and Plaintiff's response, has reconsidered and determined that a hearing is not necessary to resolve the present issue.

Plaintiff filed the current action in this Court on August 3, 2006, pursuant to diversity jurisdiction.[1]  It is undisputed all Defendants are citizens of Colorado.  Plaintiff claims residency in Arizona while Defendants claim Plaintiff is a Colorado citizen.  If

---

[1] 28 U.S.C. § 1332(a)(1).

Plaintiff is a citizen of Colorado, there is a lack of complete diversity between the parties and this Court must dismiss the case pursuant to Fed. R. Civ. P. 12(b)(1).[2]

"For purposes of diversity jurisdiction . . . state citizenship is the equivalent of domicile."[3]  The citizenship of the parties at the time the case is filed is dispositive.[4] Plaintiff must prove diversity by a preponderance of the evidence.[5]

Plaintiff does not dispute that he was formerly a citizen of Colorado.  However, Plaintiff presents evidence[6] that during the summer of 2006, before the date this case was filed, he changed his domicile to Arizona.[7]  The Court finds the following evidence credible:

1.) Plaintiff's sworn statements[8] as to his intent to sell his home in Colorado, intent to downsize his Colorado business, taking the bar exam in Arizona, residing in Arizona during the summer of 2006, and registering to vote in Arizona in July 2006.

2.) Plaintiff's Arizona identification card, obtained on July 10, 2006.

---

[2]See Gadlin v. Sybron Int'l Corp., 222 F.3d 797, 799 (10th Cir. 2000).

[3]Crowley v. Glaze, 710 F.2d 676, 678 (10th Cir. 1983).

[4]See Powder River Basin Resource Council v. Babbitt, 54 F.3d 1477, 1484 (10th Cir. 1995) (quoting Mullen v. Torrance, 22 U.S. (9 Wheat.) 537, 539 (1824)) ("the jurisdiction of the Court depends upon the state of things at the time of the action brought").

[5]Mid-Continent Pipe Line Co. v. Whiteley, 116 F.2d 871, 873 (10th Cir. 1940).

[6]Defendants did not file a reply and, therefore, this evidence is undisputed.

[7]See, e.g., Crowley, 710 F.2d at 678 ("[t]o effect a change in domicile, two things are indispensable: [f]irst, residence in a new domicile, and second, the intention to remain there indefinitely").

[8]Id. (although "self-serving" statements, this "does not mean that they must be discarded . . . on the contrary, [the finder of fact] may choose to give credence to them").

3.) Third party affidavits indicating that Plaintiff has been spending "considerable time in Arizona," that Plaintiff has been shifting most of his business practice to Arizona, and that Plaintiff sought to sell his house in Colorado as early as June 2006.

Defendants' primary evidence challenging Plaintiff's citizenship deals with Plaintiff's continued business dealings in Colorado, Plaintiff's deficiencies in updating his mailing address, and the fact Plaintiff maintained a Colorado driver's license after he filed this case.  The Court finds the evidence dealing with Plaintiff's business is minimally relevant.  The failure to update his address is understandable given his move had not yet been completed.  The driver's license situation is adequately explained by Plaintiff and corroborated by his Arizona identification card.

The Court finds by a preponderance of the evidence that Plaintiff was a citizen of Arizona at the time this case was filed.  Therefore, it is

ORDERED that Defendants' Motion To Dismiss For Lack Of Diversity Jurisdiction (Doc. No. 2) is denied.  It is

FURTHER ORDERED that the hearing scheduled December 6, 2006 is vacated.

DATED at Denver, Colorado, this ___17___ day of November, 2006.

BY THE COURT:

_____
ZITA L. WEINSHIENK,  Senior Judge
United States District Court