IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

Civil Action No.  06-cv-01522-ZLW-BNB

C. WILLIAM RASURE, JR.,

    Plaintiff,

v.

DOUGLAS R. SITTER,
MICHAEL E. McLACHLAN,
ARTHUR C. CHASE, JR., and
BANK OF THE SAN JUANS,

    Defendants.

## ORDER

The following matters are before the Court:

1.) Defendant Douglas R. Sitter's Motion To Dismiss Count I Of Plaintiff's Complaint (Doc. No. 32),

2.) Defendant Douglas R. Sitter's Motion To Dismiss Counts III, IV And X Of Plaintiff's Complaint (Doc. No. 33),

3.) Defendant Michael E. McLachlan's Motion To Dismiss Counts III, IV, And X And The Request For Exemplary Damages (Doc. No. 35),

4.) Defendant Douglas R. Sitter's Motion For Summary Judgment On Count VI (Slander) (Doc. No. 36),

5.) Defendants Arthur C. Chase, Jr. And Bank Of The San Juans [sic] Motion To Dismiss Count X And The Request For Exemplary Damages Of Plaintiff's Complaint (Doc. No. 37),

6.) Defendant Douglas R. Sitter's Motion For Summary Judgment On Count V (Invasion Of Privacy) (Doc. No. 38).

All matters outside the pleadings are excluded by the Court.[1]

All Defendants ask for dismissal of Plaintiff's request for exemplary damages.[2] Pursuant to Colo. Rev. Stat. § 13-21-102 (1.5)(a) (2006), an exemplary damages claim "may not be included in any initial claim for relief . . . . [and] may be allowed by amendment to the pleadings only after the exchange of initial disclosures . . . and the plaintiff establishes prima facie proof of a triable issue." Therefore, Plaintiff's request for exemplary damages is premature and will be dismissed at this time. All other motions to dismiss are denied with leave to file later motions for summary judgment if appropriate.[3] Accordingly, it is

---

[1] See Fed. R. Civ. P. 12(b).

[2] See Complaint (Doc. No. 1; Aug. 3, 2006), at 12.

[3] See Robbins v. Wilkie, 300 F.3d 1208, 1210 (10th Cir. 2002) ("all well pleaded factual allegations in the . . . complaint are accepted as true and viewed in the light most favorable to the nonmoving party. . . . [and] the Federal Rules of Civil Procedure erect a powerful presumption against rejecting pleadings for failure to state a claim") (citations and quotations omitted). This Court should not "weigh potential evidence that parties might present at trial, but [rather] assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir. 1991). "Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." MacArthur v. San Juan County, 309 F.3d 1216, 1221 (10th Cir. 2002) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982)).

ORDERED that Defendants' motion to dismiss Plaintiff's request for exemplary damages is granted. It is

FURTHER ORDERED that the remainder of Defendants' motions to dismiss (Doc. Nos. 32, 33, 35 & 37) are denied. It is

FURTHER ORDERED that Defendant Douglas R. Sitter's Motion For Summary Judgment On Count VI (Slander) (Doc. No. 36) and Defendant Douglas R. Sitter's Motion For Summary Judgment On Count V (Invasion Of Privacy) (Doc. No. 38) are set for oral argument on Wednesday, March 21, 2007, at 2:00 p.m. in Courtroom A801, Eighth Floor, Alfred A. Arraj United States Courthouse, 901 - 19th Street, Denver, Colorado 80294.

DATED at Denver, Colorado, this __31__ day of January, 2007.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court