IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-01522-ZLW-BNB

C. WILLIAM RASURE, JR.,

Plaintiff,

v.

DOUGLAS R. SITTER,
MICHAEL E. MCLACHLAN,
ARTHUR C. CHASE, JR., and
BANK OF THE SAN JUANS,

Defendants,

v.

LAW OFFICES OF C. WILLIAM RASURE, JR., P.C.,

Third-Party Defendant.

_____

# ORDER

_____

This matter is before me on **Defendant Douglas R. Sitter's Motion to Strike Plaintiff's Designation of Experts** [Doc. # 92, filed 3/13/2007] (the "Motion to Strike Experts"). Defendant Michael McLachlan has joined in the Motion to Strike Experts. [Doc. # 99, filed 3/20/2007]. The motion is DENIED, and the Scheduling Order entered October 10, 2006, is modified as indicated below.

The Scheduling Order provides as follows with respect to the designation of experts:

> (3)  The parties shall designate all experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before February 16, 2007.

(4)  The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before March 16, 2007.

*Scheduling Order* [Doc. # 22, filed 10/10/2006] at part 8(d)(3) and (4).

Consistent with the Scheduling Order, the plaintiff served on defendants on February 16, 2007, a document captioned "Plaintiff's F.R.C.P. 26(a)(2) Disclosures."  *Motion to Strike Experts*, Exh. A.  The plaintiff's expert disclosure states in its entirety:

COMES NOW, Plaintiff, C. William Rasure, Jr. ("Rasure" or "Plaintiff"), by and through his attorneys, Rasure & Associates, and for his F.R.C.P. Rule 26(a)(2) Disclosures, states the following:

Individuals Who May Testify Pursuant To RE Rules 702, 703 or 705:

1.  Anthony van Westrum
2.  Charles Mortimer

Id. at p.1.

Defendant Douglas R. Sitter ("Sitter") moves to strike this designation for failure to comply with the requirements of Rule 26(a)(2), Fed. R. Civ. P., which provides in relevant part:

(A)  In addition to the disclosures required by paragraph (1), a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.

(B)  Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness.  The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions ; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including

2

> a list of all publications authored by the witness with the preceding
> ten years; the compensation to be paid for the study and testimony;
> and a listing of any other cases in which the witness has testified as
> an expert at trial or by deposition within the preceding four years.

The plaintiff's disclosure, which consists solely of the listing of two names, obviously does not contain the information required by Rule 26(a)(2)(B), including particularly a statement of the experts' opinions and reasons therefor; a list of the information relied on in forming the opinions; the qualifications of the experts; a list of the experts' publications and prior testimony; or a statement of the compensation to be paid to the experts.  Consequently, Sitter complains:

> Sitter simply cannot produce a rebuttal expert designation
> containing all of the information required by Fed. R. Civ. P.
> 26(a)(2) in response to Rasure's wholly inadequate expert
> designation.  In fact, Sitter cannot even begin to obtain a rebuttal
> expert, as Rasure has failed to provide even the most minimal
> summary of the proposed testimony of the expert(s).

*Motion to Strike Experts* at p.3.

In response to the *Motion to Strike Experts*, the plaintiff states:

> 3.  Plaintiff has not "retained or specially employed" a witness "to
> provide expert testimony in the case" nor do any of the identified
> individuals [sic] "duties as an employee of the party regularly
> involve giving expert testimony."  Hence, no written report is
> required and no such report has been obtained.
>
> 4.  Simply put, Plaintiff disclosed Mr. van Westrum and Mr.
> Mortimer merely as "persons who may be used at trial to present
> evidence under Rules 702, 703, or 705 of the Rules of Federal
> Evidence" and not as retained expert witnesses.  Therefore, no
> report is due and this premise is supported by ample authority.

*Plaintiff's Response In Opposition to Defendant Sitter's Motion to Strike Expert Designation*

[Doc. # 102, filed 4/3/2007] (the "Response").  There is no explanation as to how these experts came to have any opinions that might be relevant to the case or why, without engagement or

3

payment, they would render expert testimony on behalf of the plaintiff.  As Sitter points out, there

is no indication that they are percipient experts, as would be a treating physician, because they

have not been disclosed by the plaintiff pursuant to Rule 26(a)(1) as individuals "likely to have

discoverable information that the disclosing party may use to support its claims or defenses. . . ."

 The purpose of requiring expert disclosures is addressed in the advisory committee notes

to Rule 26:

> This paragraph imposes an additional duty to disclose information
> regarding expert testimony sufficiently in advance of trial that
> opposing parties have a reasonable opportunity to prepare for
> effective cross examination and perhaps arrange for expert
> testimony from other witnesses.
>
>    * * *
>
> The requirement of a written report in paragraph (2)(B), however,
> applies only to those experts who are retained or specially
> employed to provide such testimony in the case or whose duties as
> an employee of a party regularly involve the giving of such
> testimony.  A treating physician, for example, can be deposed or
> called to testify without any requirement for a written report.

Fed. R. Civ. P. 26(a)(2) advisory committee notes (1993 Amendments).  The rationale for not

requiring expert reports from treating physicians and other unretained experts is that those experts

"formed opinions from pre-litigation observation" and that they "invariably have files from which

any competent trial attorney can effectively cross-examine."  Washington v. Arapahoe County

Dept. of Social Services, 197 F.R.D. 439, 442 (D. Colo. 2000), quoting Sprague v. Liberty

Mutual Ins. Co., 177 F.R.D. 78, 81 (D.N.H. 1998).

In this case, the plaintiff has failed to explain how the designated but unretained experts acquired their opinions, and it is not clear to me that they possess files which can be reviewed by Sitter's counsel and from which an effective cross-examination may be conducted.

The decision to exclude an expert witness is a drastic sanction and, generally, is proper only where (1) there would be prejudice or surprise to the party against whom the excluded witness would have testified; (2) the prejudice or surprise cannot be cured in another way; (3) allowing the witness to testify would disrupt the orderly and efficient trial of the case or other cases in the court; and (4) the failure to comply with the requirements for calling expert witnesses to testify is the result of bad faith or willfulness. <u>Washington</u>, 197 F.R.D. at 441.

Here, I find that allowing Messrs. van Westrum and Mortimer to testify as experts, but without complying with the requirement of providing expert reports, would result in prejudice or surprise to Sitter. That prejudice or surprise is easily cured, however, by requiring the experts to provide complying reports, which is a matter expressly contemplated by the 1993 advisory committee notes to Rule 26(a)(2):

> By local rule, order, or written stipulation, the requirement of a written report may be waived for particular experts or imposed upon additional persons who will provide opinions under Rule 703.

Fed. R. Civ. P. 26(a)(2) advisory committee notes (1993 Amendments). Revising the schedule to allow the plaintiff's experts to provide reports will not disrupt the court's schedule because the matter is neither set for trial nor under any special time constraints imposed by the district judge. I do not find any bad faith on the part of the plaintiff.

If the plaintiff wants to call Messrs. van Westrum and Mortimer and elicit expert testimony from them, or either of them, he must provide expert reports which comply with the

5

requirements of Fed. R. Civ. P. 26(a)(2) for specially retained experts.  I will expand the case

schedule to allow the plaintiff two weeks to obtain the reports.  If no reports are provided, then

the designated experts may not provide expert testimony.  The enlargement of time is only to

allow the plaintiff to obtain complying reports from the experts he already has designated; it is not

an opportunity to engage new or additional expert witnesses.  I will also expand the case schedule

as necessary to allow the defendants to engage and obtain reports from rebuttal experts, and to

allow the parties adequate time to conduct depositions of the experts and rebuttal experts.

IT IS ORDERED that the Motion to Strike Experts is DENIED.

IT IS FURTHERORDERED that the plaintiff shall provide to counsel for the defendants,

on or before **May 10, 2007**, expert reports which comply with the requirements of Fed. R. Civ. P.

26(a)(2) with respect to Messrs. van Westrum and Mortimer.  The plaintiff's failure to provide

conforming reports will result in an order striking the expert testimony of Messrs. van Westrum

and Mortimer.

IT IS FURTHER ORDERED that the case schedule is further modified to the following

extent:

**Expert Discovery Cut-Off:**          **July 13, 2007**

**Expert Disclosures:**

The defendants shall designate all rebuttal experts
and provide opposing counsel with all information
specified in Fed. R. Civ. P. 26(a)(2) on or before
**June 11, 2007**.

**Final Pretrial Conference:**   The final pretrial conference set for July 9, 2007 at

9:00 a.m., is VACATED and RESET to **September 5, 2007, at 9:00 a.m.**, in Courtroom 401,

6

4th floor, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado.  A Final

Pretrial Order shall be prepared by the parties and submitted to the court no later than **August 29,**

**2007**.

Dated April 26, 2007.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge