IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

Civil Action No.  06-cv-01522-ZLW-BNB

C. WILLIAM RASURE, JR.,

      Plaintiff,

v.

DOUGLAS R. SITTER,
MICHAEL E. McLACHLAN,
ARTHUR C. CHASE, JR., and
BANK OF THE SAN JUANS,

      Defendants,

and

BANK OF THE SAN JUANS,

      Counterclaimant,

v.

C. WILLIAM RASURE, JR., and
LAW OFFICES OF C. WILLIAM RASURE, JR., P.C.,

      Counterclaim-Defendants.

---

**ORDER**

---

This matter was before the Court on July 25, 2007, for oral argument on nine

summary judgment and partial summary judgment motions.  The Court heard the

arguments and statements of counsel, and made oral conclusions of law which are incorporated herein by reference as if fully set forth.

The Court indicated at the conclusion of the hearing that the Court would consider again Defendant Sitter's arguments concerning his counterclaim for abuse of process in light of Defendant Sitter's pending motion for a stay of these proceedings while Plaintiff appeals the disciplinary Hearing Board's May 30, 2007, Opinion and Order.  Having done so, the Court concludes that summary judgment properly is entered in Plaintiff's favor on Sitter's counterclaim for abuse fo process.  Where, as here, the process alleged to have been abused entails the filing of a lawsuit, the party asserting abuse of process must prove, among other things, that the opposing party's "claims were devoid of reasonable factual support, or, if so supportable, lacked any cognizable basis in law for their assertion . . . ."[1]  As stated at the July 25, 2007, hearing and as set forth below, the Court denies Defendant Sitter's motion for partial summary judgment on Plaintiff's breach of fiduciary duty claim, based on disputed issues of material fact.  The Court previously denied Sitter's motion for partial summary judgment on Plaintiff's breach of contract claim.  Since Plaintiff's breach of fiduciary duty and breach of contract claims have survived summary judgment, it cannot be said that those claims lack any basis in law or fact, and thus Sitter cannot establish an essential element of his abuse of process claim.  Further, it does not appear that the

---

[1]Protect Our Mountain Environment, Inc. v.The District Court in and for the County of Jefferson, 677 P.2d 1361, 1369 (Colo. 1984); see also Ware v. McCutchen, 784 P.2d 846, 848 (Colo. App. 1989).

Hearing Board's Opinion and Order directly addressed the issues raised in Plaintiff's

breach of contract or breach of fiduciary duty claims.[2]  For those reasons, summary

judgment will be entered against Sitter on his claim for abuse of process.

Accordingly, it is

ORDERED that Defendant Douglas R. Sitter's Motion For Partial Summary

Judgment On Count I (Breach of Fiduciary Duty) Of Plaintiff's Complaint (Doc. No. 116)

is denied.  It is

FURTHER ORDERED that  Defendant Douglas R. Sitter's Motion For Partial

Summary Judgment On Count III - Malicious Prosecution (Doc. No. 115) is granted,

and said claim is dismissed.  It is

FURTHER ORDERED that Defendant Douglas R. Sitter's Motion For Partial

Summary Judgment On Count IV (Abuse Of Process) Of Plaintiff's Complaint (Doc. No.

119) is granted, and said claim is dismissed.  It is

FURTHER ORDERED that Defendant Douglas R. Sitter's Motion For Partial

Summary Judgment On Count VII (Civil Conspiracy) Of Plaintiff's Complaint (Doc. No.

117) is granted, and said claim is dismissed.  It is

---

[2]With respect to the breach of fiduciary duty claim, the Hearing Board found only that Sitter had
not represented Plaintiff "in the Concordia dispute with Dugan."  The Board did not address whether
Sitter had represented Plaintiff in the past on other matters and if so whether Sitter had any continuing
duties to Plaintiff on that basis.

FURTHER ORDERED that Defendant Douglas R. Sitter's Motion For Partial

Summary Judgment On Count X (Extreme And Outrageous Conduct/Emotional

Distress) Of Plaintiff's Complaint is granted, and said claim is dismissed.  It is

FURTHER ORDERED that Defendants Arthur C. Chase And Bank Of The San

Juans' Motion For Summary Judgment (Doc. No. 130) is granted.  It is

FURTHER ORDERED that the Complaint and cause of action are dismissed as

to Defendants Arthur C. Chase And Bank of the San Juans, and the caption shall be

amended accordingly.  It is

FURTHER ORDERED that  Defendant Michael E. McLachlan's Motion For

Summary Judgment (Doc. No. 127) is granted.  It is

FURTHER ORDERED that the Complaint and cause of action are dismissed as

to Defendant Michael E. McLachlan, and the caption shall be amended accordingly.  It

is

FURTHER ORDERED that Plaintiff/Counterclaim Defendant's Motion For

Summary Judgment (Doc. No. 131) is granted in part and denied in part.  The motion is

granted as to Defendant Sitter's counterclaim for abuse of process, and said

counterclaim is dismissed.  The motion is denied as to Defendant McLachlan's claim for

abuse of process.  It is

FURTHER ORDERED that  Defendant Sitter's Motion For Summary Judgment

On His Counterclaim (Doc. No. 147) is denied.  It is

FURTHER ORDERED that this case shall proceed on:

4

(1)  Plaintiff's First Claim for Relief for Breach of Fiduciary Duty (against

Defendant Sitter);

(2)  Plaintiff's Second Claim for Relief for Breach of Contract (against

Defendant Sitter);

(3)  The Bank of the San Juans' Counterclaim for Default on Promissory

Note, and

(4)  Michael E. McLachlan's Counterclaim for Abuse of Process.


DATED at Denver, Colorado, this _31_ day of July, 2007.

BY THE COURT:


ZITA L. WEINSHIENK, Senior Judge
United States District Court