IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-01522-ZLW-BNB

C. WILLIAM RASURE, JR.,

Plaintiff,

v.

DOUGLAS R. SITTER,
MICHAEL E. McLACHLAN, and
BANK OF THE SAN JUANS,

Defendants.
_____

**ORDER**
_____

The parties appeared today for a final pretrial conference.  Also pending is **Defendant Douglas R. Sitter's Second Motion to Strike Plaintiff's Expert Designation and Request for Attorney's Fees** [Doc. # 162, filed 7/9/2007] (the "Motion to Strike").  I heard argument on the Motion to Strike and made rulings on the record, which are incorporated here.

### I.  The Motion to Strike

The circumstances giving rise to the Motion to Strike are set out in my Order [Doc. # 112] filed April 26, 2007, and will not be repeated in full.  In that order, I required the plaintiff to provide expert reports which conformed to the requirements of Rule 26(a)(2), Fed. R. Civ. P., notwithstanding the plaintiff's argument that the experts were not specially retained, ruling:

> The rationale for not requiring expert reports from treating
> physicians and other unretained experts is that those experts
> "formed opinions from pre-litigation observation" and that they
> "invariably have files from which any competent trial attorney can
> effectively cross-examine."  Washington v. Arapahoe County Dept.

>of Social Services, 197 F.R.D. 439, 442 (D. Colo. 2000), quoting Sprague v. Liberty Mutual Ins. Co., 177 F.R.D. 78, 81 (D.N.H. 1998).
>
>In this case, the plaintiff has failed to explain how the designated but unretained experts acquired their opinions, and it is not clear to me that they possess files which can be reviewed by Sitter's counsel and from which an effective cross-examination may be conducted.
>
>\* \* \*
>
>Here, I find that allowing Messrs. van Westrum and Mortimer to testify as experts, but without complying with the requirement of providing expert reports, would result in prejudice or surprise to Sitter. That prejudice or surprise is easily cured, however, by requiring the experts to provide complying reports, which is a matter expressly contemplated by the 1993 advisory committee notes to Rule 26(a)(2):
>
>"By local rule, order, or written stipulation, the requirement of a written report may be waived for particular experts or imposed upon additional persons who will provide opinions under Rule 703."

Order [Doc. # 112] at pp.4-5.

The plaintiff has not complied with my Order concerning providing expert reports. Consistent with that, he has not listed in the draft final pretrial order either Mr. van Westrum or Mr. Mortimer, or anyone else, as expert witnesses to be called at trial.

Consistent with my Order [Doc. # 112] and the subsequent conduct of the plaintiff, there will be no expert witnesses called by the plaintiff at trial, and no expert testimony may be elicited by the plaintiff at trial from Messrs. van Westrum or Mortimer.

I find, however, that Messrs. van Westrum and Mortimer have been disclosed as potential fact witnesses, and I will not exclude them as fact witnesses. In making this ruling, I express no opinion about whether Messrs. van Westrum and Mortimer possess any relevant factual evidence; that is a matter best left to the determination of the district judge at trial. Because the defendants

may claim to be surprised by the potential fact testimony of Messrs. van Westrum and Mortimer, I will allow the defendants to take their depositions. The depositions of Messrs. van Westrum and Mortimer, if any, must be completed by **September 28, 2007**.

## II.  The Final Pretrial Order

The proposed final pretrial order was refused for the reasons stated on the record. A supplemental final pretrial conference is set for **October 26, 2007, at 9:00 a.m.** The parties may attend the supplemental final pretrial conference by telephone by calling my chambers at 303-844-6408 at the designated date and time. The plaintiff shall initiate the conference call, join all counsel, and then contact the court. In anticipation of the supplemental final pretrial conference, the parties shall submit on or before **October 22, 2007**, a revised proposed final pretrial order, modified as discussed today. In addition, copies of all trial exhibits must be provided to opposing counsel and any *pro se* party no later than **September 24, 2007**. The objections contemplated by Fed. R. Civ. P. 26(a)(3) shall be filed with the clerk and served by hand delivery or facsimile no later than **October 19, 2007**.

SO ORDERED.

Dated September 5, 2007.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge