IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

Civil Action No. 06-cv-01522-ZLW-BNB

C. WILLIAM RASURE, JR.,

    Plaintiff,

v.

DOUGLAS R. SITTER,
MICHAEL E. McLACHLAN,
ARTHUR C. CHASE, JR., and
BANK OF THE SAN JUANS,

    Defendants,

and

BANK OF THE SAN JUANS,

    Counterclaimant,

v.

C. WILLIAM RASURE, JR., and
LAW OFFICES OF C. WILLIAM RASURE, JR., P.C.,

    Counterclaim-Defendants.

## ORDER

The matter before the Court is Defendant Douglas R. Sitter's First Amended Motion To Reconsider The Court's July 31, 2007, Ruling On Summary Judgment As To Rasure's Count 1 And Sitter's Counterclaim. The Court has considered carefully the moving and responding papers and the relevant legal authority. While the Federal

Rules of Civil Procedure do not expressly recognize a motion to reconsider an interlocutory order, under Tenth Circuit law the district court nonetheless retains the discretion to reconsider and revise such orders.[1]  Reconsideration is warranted where the moving party has demonstrated the need to correct clear error or prevent manifest injustice.[2]

With respect to Plaintiff's breach of fiduciary duty claim against Defendant Sitter, (Claim One), the Court has reconsidered and agrees with Sitter that Sitter had no duty to keep confidential any information relating to matters for which Sitter did not represent Plaintiff.  The Court had relied on language contained in the Comment to Colorado Rule of Professional Conduct 1.9 stating that an attorney "has a continuing duty to preserve confidentiality of information about a client formerly represented." However, upon reviewing again Colorado Rules of Professional Conduct 1.9(c) and 1.6[3] and the case law, the Court determines that the language contained in the Comment to Rule 1.9 is not intended to create a duty to maintain in confidence information unrelated to the matter for which the attorney was retained. Thus, Sitter, who did not represent Plaintiff in the Dugan/Concordia dispute,[4] had no duty to keep

---

[1] See Anderson v. Deere & Co, 852 F.2d 1244, 1246 (10th Cir. 1988).

[2] See Shields v. Shetler, 120 F.R.D. 123, 126 (D. Colo. 1988); see also Major v. Benton, 647 F.2d 110, 112 (10th Cir. 1981) ("[w]hen a lower court is convinced that an interlocutory ruling it has made is substantially erroneous, the only sensible thing to do is to set itself right to avoid subsequent reversal.").

[3] Both of which refer to a duty not to "reveal information relating to [the] representation."

[4] See Supplement to Defendant Michael E. McLachlan's Motion For Summary Judgment (Doc. No. 141), Ex. A at 13.  Plaintiff submitted no evidence on summary judgment that Sitter represented him in the Dugan/Concordia dispute.

information concerning that dispute confidential. Further, it appears to be undisputed that the information that Sitter relayed to the Colorado Supreme Court Office of Attorney Regulation Counsel (OARC) concerning the Dugan/Concordia dispute was provided to him not by Plaintiff, but by Mr. Dugan. Accordingly, having reconsidered the July 31, 2007, Order, the Court will grant summary judgment in Defendant Sitter's favor on Plaintiff's breach of fiduciary duty claim.

The Court also ruled in the July 31, 2007, Order that Sitter's abuse of process counterclaim failed because where the filing of a lawsuit constitutes the alleged abuse of process, the party asserting abuse of process must prove, among other things, that the opposing party's "claims were devoid of reasonable factual support, or, if so supportable, lacked any cognizable basis in law for their assertion . . . ."[5] The Court concluded that because Plaintiff's first claim for breach of fiduciary duty and second claim for relief for breach of contract survived motions to dismiss and for summary judgment, it could not be said that those claims were devoid of factual support or lacked any cognizable basis in law. On the present motion, however, Sitter correctly points out that his counterclaim alleges that Plaintiff engaged in abuse of process only by filing claims for malicious prosecution and abuse of process against Sitter, and does not allege that the filing of the lawsuit as a whole constituted abuse of process.[6]

---

[5] Protect Our Mountain Environment, Inc. v. The District Court in and for the County of Jefferson, 677 P.2d 1361, 1369 (Colo. 1984); see also Ware v. McCutchen, 784 P.2d 846, 848 (Colo. App. 1989).

[6] See Defendant Douglas R. Sitter's Answer And Counterclaim (Doc. No. 31) at 15-16, ¶¶ 12-14.

Accordingly, summary judgment in Plaintiff's favor is not appropriate on Sitter's counterclaim for abuse of process.  For the foregoing reasons, it is

ORDERED that Defendant Douglas R. Sitter's First Amended Motion To Reconsider The Court's July 31, 2007, Ruling On Summary Judgment As To Rasure's Count 1 And Sitter's Counterclaim (Doc. No. 181) is granted.  It is

FURTHER ORDERED that the Court's July 31, 2007, Order (filed August 1, 2007; Doc. No. 174) is vacated to the extent that it denied Defendant Douglas R. Sitter's Motion For Partial Summary Judgment On Count I (Breach of Fiduciary Duty) Of Plaintiff's Complaint.  It is

FURTHER ORDERED that Defendant Douglas R. Sitter's Motion For Partial Summary Judgment On Count I (Breach of Fiduciary Duty) Of Plaintiff's Complaint (Doc. No. 116) is granted, and said claim is dismissed.  It is

FURTHER ORDERED that Court's July 31, 2007, Order (Doc. No. 174) is vacated to the extent that it granted Plaintiff/Counterclaim Defendant's Motion For Summary Judgment on Defendant Sitter's counterclaim for abuse of process and dismissed said counterclaim.  It is

FURTHER ORDERED that Plaintiff/Counterclaim Defendant's Motion For Summary Judgment (Doc. No. 131) is denied as to Defendant Sitter's counterclaim for abuse of process.  It is

FURTHER ORDERED that Defendant Douglas R. Sitter's Motion For Stay Of Claims Against Sitter (Doc. 169) is denied.  It is

FURTHER ORDERED that the Court's July 31, 2007, Order (Doc. No. 174) is amended at pages 4-5 to the extent that, based on the present Order, this case shall proceed on:

(1) Plaintiff's Second Claim for Relief for Breach of Contract (against Defendant Sitter);

(2) The Bank of the San Juans' Counterclaim against Plaintiff and the Law Offices of C. William Rasure, Jr., PC. for Default on Promissory Note,

(3) Michael E. McLachlan's Counterclaim for Abuse of Process, and

(4) Douglas R. Sitter's Counterclaim for Abuse of Process.

DATED at Denver, Colorado, this   17   day of October, 2007.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court