IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

Civil Action No.  06-cv-01522-ZLW-BNB

C. WILLIAM RASURE, JR.,

      Plaintiff,

v.

DOUGLAS R. SITTER,
MICHAEL E. McLACHLAN,
ARTHUR C. CHASE, JR., and
BANK OF THE SAN JUANS,

      Defendants,

and

BANK OF THE SAN JUANS,

      Counterclaimant,
v.

C. WILLIAM RASURE, JR., and
LAW OFFICES OF C. WILLIAM RASURE, JR., P.C.,

      Counterclaim-Defendants.

---

**ORDER**

---

The matter before the Court is Counterclaimant Bank of the San Juans' (Bank) Motion To Bifurcate Trial.  The Court has read the moving and responding papers and considered carefully the parties' arguments and the relevant legal authority.  "The determination of whether to conduct separate trials is a matter committed to the

discretion of the trial court."[1]  "Factors to be considered are whether separate trials will promote convenience, expediency, and economy, whether the issues are separable, [and] whether separate trials would be unfair or prejudicial to any party."[2]  All of these factors weigh in the Bank's favor.  Separate trials will promote convenience, expediency, and economy because the issues involved in the Bank's counterclaim are entirely different from those to be tried in the remainder of the case and there should be little to no overlap of evidence.  The issues are separable; in fact, they are entirely distinct, and the Bank is not a party to any of the other claims in this case.  Lastly, bifurcation will not be prejudice either party.

The Court declines to rule at this time on whether the Bank's counterclaim must be tried to the Court or to a jury; the Bank may file an appropriate, fully-argued motion addressing this issue which cites to any applicable federal authority.[3]  Accordingly, it is

ORDERED that Counterclaimant Bank of the San Juans' Motion To Bifurcate Trial (Doc. No. 185) is granted.

DATED at Denver, Colorado, this ___17___ day of October, 2007.

BY THE COURT:

ZITA L. WEINSHIENK,  Senior Judge
United States District Cour

---

[1] Climax Molybdenum Co. v. Molychem, L.L.C., 414 F.Supp. 2d 1007, 1013  (D. Colo. 2005), citing Angelo v. Armstrong World Indus., Inc., 11 F.3d 957, 964 (10th Cir. 1993).

[2] Id.

[3] See Simler v. Conner, 372 U.S. 221, 222 (1963) ("the right to a jury trial in the federal courts is to be determined as a matter of federal law in diversity as well as other actions.").