IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-01522-ZLW-BNB

C. WILLIAM RASURE, JR.,

Plaintiff,

v.

DOUGLAS R. SITTER,
MICHAEL E. McLACHLAN, and
BANK OF THE SAN JUANS,

Defendants,

and

BANK OF THE SAN JUANS,

Counterclaimant,

v.

C. WILLIAM RASURE, JR., and
LAW OFFICES OF C. WILLIAM RASURE, JR., P.C.,

Counterclaim Defendants.

_____

# RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
# AND ORDER
_____

This matter is before me on the following:

(1) **Counterclaimant Bank of the San Juans' Motion for Trial to the Court** [Doc. # 214, filed 11/8/2007] (the "Motion to Strike Jury"); and

(2) **Counterclaimant Bank of the San Juans' Motion to Hold Trial in Durango, Colorado** [Doc. # 213, filed 11/8/2007] (the "Motion to Transfer").

The Motion to Strike Jury is GRANTED.

In addition, I respectfully RECOMMEND that the Motion to Transfer be GRANTED and that the trial of the only claim existing between the Bank of the San Juans and Rasure be tried at the United States Courthouse in Durango, Colorado.

## I. Background

The plaintiff, C. William Rasure, Jr. ("Rasure"), commenced this action on August 3, 2006, by filing a complaint asserting claims against Douglas R. Sitter, Michael E. McLachlan, Arthur C. Chase, and Bank of the San Juans (the "Bank"). The claims asserted against the Bank included breach of contract, based on the following allegations:

> Bank entered into a contract with Plaintiff [Rasure] to provide financing for his law practice.
>
> Bank failed to act in good faith and to deal fairly with Rasure in enforcing said loan provisions by accelerating amounts due supposedly on the basis of minor tardiness in the payment of relatively insignificant amounts of interest due, otherwise refusing to roll over lines of credit as it had done in the past and accusing Rasure of suffering from drug and alcohol problems.

Complaint [Doc. # 1] at ¶¶142-43. Rasure also brought claims against the Bank for invasion of privacy, civil conspiracy, and outrageous conduct. Id. at Counts V, VII, and X.

The Bank filed counterclaims against Rasure and his professional corporation for breach of a promissory note dated October 27, 2005, in the principal amount of $15,000, plus interest. Answer, Counterclaim and Third-Party Complaint [Doc. # 30, filed 11/29/2006].

By an order entered July 31, 2007, the district judge granted summary judgment in favor of the Bank and dismissed Rasure's claims against it. Order [Doc. # 174] at p.4. As a result, none of Rasure's claims against the Bank are pending, but the Bank's counterclaim against Rasure is ready for trial.[1]

## II. Motion to Strike Jury

The sole matter to be tried is the Bank's counterclaim for breach of the promissory note. Final Pretrial Order [Doc. # 208] at Part 3. The promissory note contains a waiver of jury trial, as follows:

> JURY WAIVER. Lender and Borrower hereby waive the right to any jury trial in any action, proceeding, or counterclaim brought by either Lender or Borrower against the other.

Promissory Note [Doc. # 217, filed 11/8/2007] at p.1.

In Telum, Inc. v. E.F. Hutton Credit Corp., 859 F.2d 835 (10th Cir. 1988), the circuit court of appeals held:

> The right to a jury trial in the federal courts is governed by federal law. Agreements waiving the right to trial by jury are neither illegal nor contrary to public policy.

Id. at 837 (internal citations omitted). Thus, "although the right of trial by jury in civil actions is protected by the Seventh Amendment to the Constitution, that right, like other constitutional rights, may be waived by prior written agreement of the parties." Boyd v. U.S. Bank N.A., 2007 WL 2822518 *17 (D. Kan. Sept. 26, 2007)

---

[1]The Clerk of the Court entered default against the Law Offices of C. William Rasure, Jr., P.C., pursuant to Fed. R. Civ. P. 55(a) on October 18, 2007 [Doc. # 205]. A motion to alter or amend that judgment is pending before the district judge. [Doc. # 219, filed 11/19/2007.]

Contractual jury waivers will be upheld so long as they are made knowingly and intentionally; are not the result of a gross disparity in bargaining power; and are conspicuous. Telum, 859 F.2d at 837. In determining whether a jury waiver is valid:

> [C]ourts often conduct a balancing analysis as to: (1) whether the clause containing the waiver was conspicuous; (2) whether there was a gross disparity in bargaining power between the parties; (3) the business or professional experience of the party opposing the waiver; and (4) whether the party opposing the waiver had an opportunity to negotiate contract terms.

Boyd, 2007 WL 2822518 at *18.

The jury waiver clause here is conspicuous. It is contained on the first page of a two page promissory note; the caption is in all capital letters; and the print is the same size as every other provision in the contract.

There is no indication of a "gross disparity in bargaining power." The promissory note appears to be a standard business loan, which can be obtained from numerous lenders.

Rasure is a lawyer and sophisticated. He certainly understands that the terms of a written contract are meant to be enforced and generally are enforceable, and he certainly understands the significance of a jury waiver clause.

There is no evidence concerning whether Rasure had an opportunity to negotiate the contract terms. Regardless, small business loans like this one are generally available in the marketplace. If Rasure could not negotiate the term with the Bank of the San Juans, he could have negotiated it with other lenders.

I find that Rasure knowingly and intentionally waived his right to a jury trial in connection with claims arising under the promissory note; that the waiver is not the result of a gross disparity

4

in bargaining power; and that the waiver is conspicuous. Accordingly, it is entitled to be enforced. The Motion to Strike Jury is GRANTED.

### III. Motion to Transfer

The Bank also seeks an order for intra-division transfer to move the trial of its counterclaim from Denver to Durango.

The state of Colorado constitutes a single judicial district with one division. See 28 U.S.C. § 85.[2] There is no separate Durango division.

An intra-division transfer, such as the Bank seeks here, is governed by 28 U.S.C. § 1404(c), which provides that "[a] district court may order any civil action to be tried at any place within the division in which it is pending." The Tenth Circuit Court of Appeals has not had occasion to set out standards for a § 1404(c) transfer. In general, however, courts deciding a motion for intra-division transfer have looked to the factors relevant to a transfer between districts or divisions specified in 28 U.S.C. § 1404(a).[3] See Four Corners Nephrology Associates, P.C. v. Mercy Medical Center of Durango, 464 F. Supp. 2d 1095 (D. Colo. 2006); Bitler v. A.O. Smith Corp., 2001 WL 1579378 (D. Colo. Dec. 10, 2001); Lavin v. The Lithibar Co., 2001 WL 1175096 (D. Kan. Sept. 19, 2001). Under § 1404(a), a district court should consider the

---

[2]Section 85, 28 U.S.C., provides:

> Colorado constitutes one judicial district.
> Court shall be held in Boulder, Denver, Durango, Grand Junction, Montrose, Pueblo, and Sterling.

[3]Section 1404(a), 28 U.S.C., provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

5

following: (1) the plaintiff's choice of forum; (2) the convenience of the witnesses; (3) the accessibility of witnesses and other sources of proof; (4) the possibility of obtaining a fair trial; and (5) all other considerations of a practical nature that make a trial easy, expeditious, and economical. Lavin, 2001 WL 1175096 at *1; see Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1515-16 (10th Cir. 1991). The party seeking to transfer a case has the burden of proving that the existing forum is inconvenient, and the plaintiff's choice of forum should be disturbed only when the balance of factors tips strongly in favor of transfer. Lavin, 2001 WL 1175096 at *1; see Scheit v. Klein, 956 F.2d 963, 965 (10th Cir. 1992). In addition, a court must "adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" Stewart Org. v. Richoh Corp., 487 U.S. 22, 29 (1988) (quoting Van Dusen v. Barrack, 376 U.S. 612, 622 (1964)).

**1. Plaintiff's Choice of Forum**

The Bank argues that this factor tips in favor of transfer because Rasure's claims against the Bank have been dismissed. Consequently, Rasure's choice of forum should not be given any deference. According to the Bank:

> The only claim remaining in this case arises out of a transaction that took place entirely in Durango: a loan from the Bank to finance Rasure's legal practice in Durango. The only reason that the case was ever brought in federal District Court is because of the initial claims Rasure brought against the Bank and its president, which claims are now dismissed. Because of the origination of the federal court action, the Bank was forced to bring this action on the promissory note as a compulsory counterclaim. Absent the initial claims by Rasure, the Bank's claim would have been brought in the 6th Judicial District State Court in Durango.

Motion to Transfer at ¶5.  In addition, the Bank argues that Rasure's choice of forum should not be accorded any deference because he resides out of state and not in Denver.

I find that Rasure's choice of forum is not entitled to any significant weight.  First, Rasure's claims have been dismissed.  Only the Bank's counterclaim remains, which would have brought in Durango absent Rasure's prior claims.  Consequently, the Bank's preference to try the case in Durango is entitled to some weight.  In addition, a plaintiff's choice of forum is given less weight where, as here, the plaintiff does not reside in the requested forum.  See Cargill, Inc. v. Prudential Ins., 920 F. Supp. 144, 146 (D. Colo. 1996).  Rasure resides in Phoenix, not Denver.  At the time of the events underlying the counterclaim, Rasure resided and worked in Durango.  The loan at issue was made by a Durango bank, apparently to fund the operations of a Durango law practice.  Under these facts, Rasure's choice of a Denver forum is not entitled to any significant weight, and the Bank's preference to try its counterclaim in Durango is entitled to deference.

**2. Convenience of Witnesses**

Three potential witnesses are identified in the Final Pretrial Order. [Doc. # 208, filed 11/2/2007.]  The Bank identifies Tami Coddington, its vice president, as a will call witness.  Ms. Coddington's address is in Durango.  Id. at part 6.  The Bank also identifies Art Chase, its president and CEO, as a may call witness.  Mr. Chase is a resident of La Plata County, of which Durango is the county seat.  Complaint [Doc. # 1] at ¶7.  Rasure identifies himself as a will call witness.  Id.  He resides in Phoenix.  Plaintiff's Response In Opposition to Bank of the San Juans' Motion to Hold Trial In Durango, Colorado [Doc. # 220, filed 11/19/2009] (the

"Response") at ¶¶3, 5. No witness in Denver has been endorsed by either party. Consequently, I find that a trial in Durango will be more convenient to the endorsed witnesses.

Rasure argues that "the potential exists that Plaintiff will need to call rebuttal witnesses who also reside in the Denver area, especially Kim Ikeler, Esq." Response at ¶4. The potential need for a rebuttal witness, not identified in the Final Pretrial Order, is insufficient to tip the balance against a trial in Durango.

**3. Accessibility to Sources of Proof**

There is no issue concerning the ability of this court to subpoena witnesses, whether the trial is in Denver or in Durango. Colorado is a single district, and the witnesses in Durango and Denver all are subject to the subpoena power of this court regardless of where the trial is held.

Rasure has not identified any exhibits he expects to offer into evidence. The Bank has listed 32 exhibits, mostly if not exclusively Bank records, which I presume are maintained by the Bank at its offices in Durango. I find that the sources of proof are located in Durango, and that this factor tips in favor of a trial in Durango.

**4. Possibility of Obtaining a Fair Trial**

A fair trial can occur in either Denver or Durango. This is particularly so because I have ordered that the matter be tried to the court and not to a jury. See Part II. supra.

**5. Practical Considerations for an Easy, Expeditious, and Economical Trial**

Durango is a more convenient forum for the lawyers. The Bank's counsel is located in Durango. Rasure represents himself, and he lives in Phoenix. He will have to travel regardless of where the trial is held.

8

The court is available to try cases in Durango where, as here, that is the appropriate location. Contrary to Rasure's arguments, Response at ¶4, it is no inconvenience for the court to conduct the trial in Durango.

Four of the five factors identified in § 1404(a) weigh in favor of conducting the trial in Durango rather than Denver. Only the possibility of obtaining a fair trial does not tip in favor of Durango, and it balances evenly. Consequently, I find that the Bank has made a strong showing that Durango is the more convenient forum.

I respectfully RECOMMEND that the Motion to Transfer be GRANTED and that the trial of the Bank's counterclaim occur at the United States Courthouse in Durango, Colorado.

### IV. Conclusion

For the reasons stated:

IT IS ORDERED that the Motion to Strike Jury is GRANTED. The Bank's counterclaim shall be tried to the court and not to a jury.

FURTHER, I respectfully RECOMMEND that the Motion to Transfer be GRANTED and that the trial of the Bank's counterclaim occur at the United States Courthouse in Durango, Colorado.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse,

91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated November 20, 2007.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge